IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GORDON AND CAROLYN FOWLER

VS.                                                         CIVIL ACTION NO. 2:05cv16-KS-JMR

FIRST CHEMICAL CORPORATION, ET AL

ORDER

This cause is before the Court on [5] Motion to Dismiss or for More Definite Statement filed by Ultramar Diamond Shamrock Corporation, joined therein by numerous other movants, and the Court after reviewing the motion and the applicable case law does hereby find that the Motion to Dismiss should be **overruled** but that the Motion for More Definite Statement should be **sustained** as more fully set forth hereinafter.

The present cause of action involves two plaintiffs, Gordon Fowler and Carolyn Fowler, who allege that Mr. Fowler's health conditions were caused by exposure to chemicals produced by Defendants. There are eighty nine named defendants who are manufacturers, processors, or sellers of certain hydrocarbons which are alleged to have caused Mr. Fowler's serious health conditions. Movants cite the Court to the recent decision of the Mississippi Supreme Court in *Harold's Auto Parts, Inc., v. Mangilardi*, 2004-IA-308-SCT (Miss. Aug. 26, 2004). Following *Mangilardi* the Supreme Court issued the opinion in *3M Company f/k/a Minnesota Mining and Manufacturing Company, et al, v.. Letha C. Glass, et al*, 2003-IA-00617-SCT, which clarified and reaffirmed the decision in *Mangilardi*.

*3M* states:

> Rather, *Mangilardi*, simply reminds the Bar that even though

1

> Mississippi is a notice pleading jurisdiction, our Rules of Procedure require, at a minimum: (1) that each Plaintiff provide "a short and plain statement of the claim" that discloses why the plaintiff "is entitled to relief" and "a demand for judgment for the relief for which he deems himself entitled." Miss.R.Civ.P. 8(a); (2) that "averments of time and place are material and shall be considered like all other averments of material matter." Miss.R.Civ.P. 9(f); (3) that "each claim founded upon a separate transaction or occurrence...shall be stated in a separate count...." Miss.R.Civ.P. 10(b); and (4) that the "signature of an attorney [on the complaint] constitutes a certificate...that to the best of the attorney's knowledge, information and belief there is good ground to support it." Miss.R.Civ.P. 11(a).  Slip Opinion at 6-7.

Under the current state of Mississippi law the defendants are entitled to know:

1. The name of the defendant or defendants against whom each plaintiff makes a claim;

2. Which defendant did wrong to which particular plaintiff; and

3. When and where the wrong was committed.

This Court finds that the defendants are entitled to this information and it is not contained in the Complaint.  This Court finds that the above stated information should be furnished by the plaintiffs to each defendant in the form of an Amended Complaint specifically setting out same in compliance with current Mississippi case law.  Said Amended Complaint shall be filed within sixty days of the date of this order.

All other motions filed by defendants to dismiss or to require particularity [53], [54], [39], [79], [80], [129], [128], [124], [117], [116], [115], 114], [113], [112], [111], [110], [109], [108], [107], [106], [105], [103], [102], [85], [82], [81], [80], [79], shall also be overruled except as above discussed. It is noted that Ultramar Diamond Shamrock Corporation filed a Motion to Withdraw, Motion to Dismiss or For Definite Statement [130] and that apparently Ultramar

Diamond Shamrock Corporation has settled and is no longer a defendant. However, this motion was joined by numerous other parties and continues as a viable motion irrespective of the fact that Ultramar Diamond Shamrock Corporation is no longer a party herein.

Following this ruling if any of the motions that are overruled by this order have issues that need to be resolved by the Court, then they will need to be refiled and reurged by the moving parties.

SO ORDERED AND ADJUDGED on this, the <u>9th</u> day of January, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE