IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GORDON FOWLER and
CAROLYN FOWLER,                                                                           PLAINTIFFS

VS.                                                             CIVIL ACTION NO. 2:05cv16-KS-MTP

FIRST CHEMICAL CORPORATION, et al.,                                            DEFENDANTS

OPINION AND ORDER

THIS MATTER is before the court on Plaintiffs' motion to reconsider the court's order of December 20, 2005 denying remand of this action to state court.  Defendant Radiator Specialty Company (hereinafter "Radiator") has opposed the motion and has asked the court to overrule the motion, retain jurisdiction of this case, and certify the order for an interlocutory appeal to the Fifth Circuit.  From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that Plaintiffs' motion to reconsider is not well taken and is DENIED, and that Radiator's motion for certification for an interlocutory appeal is not well taken and should be DENIED.[1]

Background Facts

Plaintiffs allege state law claims of negligence, products liability and breach of warranty against eight-nine defendants, one of which is Radiator.[2]  It is alleged that, as a result of the collective negligence of all defendants, Mr. Fowler was exposed to benzene and various other

---

[1] There are other motions pending in this case, but before the court can reach any of them, the issue of jurisdiction must be resolved.  Therefore, this opinion and order addresses only Plaintiffs' motion to reconsider and Radiator's motion to certify.

[2] Since the date of the court's order denying remand, several defendants have been dismissed from the case.

hydrocarbons over his lifetime, all contributing to his current physical conditions. The original suit was filed in the Circuit Court of Jones County, Mississippi, and was removed by Radiator on January 10, 2005 pursuant to 28 U.S.C. § 1331 and § 1441 (b), (c) without the consent of all of the other defendants.[3]

On February 9, 2005, Plaintiffs filed a motion to remand and on November 18, 2005, the court held oral argument. Thereafter, on December 20, 2005, the court issued an order denying the motion to remand on the grounds that: 1) most, if not all, of Plaintiffs' state law claims deal with "failure to warn" issues and are therefore preempted by the FHSA and, consequently, the claims depend on resolution of a substantial question of federal law; 2) this action is properly before the court given the need for consistency among the fifty states in applying the FHSA; and 3) in the interest of judicial economy and to avoid complicating a fair resolution of plaintiffs' claims, the court would exercise its discretion to hear claims against defendants other than Radiator. On April 3, 2006, Plaintiffs filed a motion asking the court to reconsider its order.

Motion for Reconsideration

Technically, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration in so many words. Thus, courts, including those in the Fifth Circuit, have generally held that a motion for reconsideration filed within 10 days of the entry of judgment is treated as a motion to alter or amend judgment under Rule 59(e), and a motion for reconsideration filed more than 10 days after entry of judgment is treated as a motion seeking relief from judgment under Rule 60(b).[4] *See* 12 Moore's Federal Practice § 59.30[7] (Matthew

---

[3] After removal, Radiator confessed that it had no basis to remove under 1441(b).

[4] Rule 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Rule 60(b) provides that a motion to relieve a party from a final judgment, order or proceeding "shall be made within a reasonable time." Although

Bender 3d ed. 2000) (collecting cases). This court's order denying remand was entered on December 20, 2005. Plaintiffs filed their motion to reconsider on April 3, 2006. Since the motion to reconsider was filed more than 10 days after the order was entered, it will be treated as a motion to alter or amend judgment under Rule 60(b).

By its express language, Rule 60(b) applies only to "final" judgments or orders. A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (citation omitted). Courts have generally held (in the context of whether an order denying a motion to remand is appealable) that an order denying a motion to remand is generally not "final" because a "decision to deny the remand clearly does not end the litigation, but merely determines that it will proceed in federal court." *Neal v. Brown*, 980 F.2d 747, 748 (D.C. Cir. 1992). *See also Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1064-65 ("An order denying remand of a case removed to federal court is not a final order within the meaning of 28 U.S.C. § 1291."). Thus, plaintiff cannot move, under Rule 60(b), to alter or amend this court's order denying remand because Rule 60(b) only applies to "final" orders, and this order is not final.

It is worth noting, however, that if Plaintiff could move under Rule 60(b), this court would still deny its motion. Rule 60(b) provides six grounds upon which a court may relieve a party from a final judgment or order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of a party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged...; and (6) any other reason justifying relief from the operation of the judgment. In their motion, Plaintiffs have

---

not addressed in this opinion, the court notes that it is not clear that the motion has been made within a "reasonable time," pursuant to Rule 60(b), as it comes more than three months after the court issued its order.

not specified which ground(s) they assert as the basis for their motion. However, their motion is based on the argument that because of other district courts' recent, allegedly conflicting decisions in similar cases, "[t]he overwhelming weight of authority...indicates that Plaintiffs' claims are not completely preempted" and therefore this court should reconsider its ruling.

Rule 60(b)(1) motions on the grounds of an alleged mistake of law are only allowed where a fundamental or obvious legal error was made. *See, e.g., Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987). Indeed, the alleged legal error must be so obvious that an appeal would be a waste of everyone's time. *See, e.g., Alvestad v. Monsanto*, 671 F.2d 908, 912-13 (5th Cir. 1982). There is clearly not the case here. To the contrary, as this court noted in its order, the Fifth Circuit held per curiam in *Comeaux v. Nat'l Tea Co.*, 81 F.3d 42, 43-44 (5th Cir.1996) that "the FHSA preempts any state law warning requirements other than those imposed by the FHSA and implementing regulations," a ruling that this court properly followed in its order.[5]

### Certification of Interlocutory Appeal

In its response to the motion to reconsider, Radiator has argued that the court should overrule the motion, retain jurisdiction of the case, and certify this court's order for an

---

[5] To support their motion, Plaintiffs have attached five orders granting remand in (according to Plaintiffs) similar cases that were pending in the Southern District of Mississippi, the Western District of Arkansas, the Southern District of Texas, the Eastern District of Texas and the Eastern District of Pennsylvania. However, it is not clear to the court that these decisions in fact conflict with the court's order. For example, in *Bynum v. First Chem. Corp.*, Civil Action No. 3:05-cv-0022WS (attached as Exhibit A to Plaintiffs' motion to reconsider), Judge Wingate held that the FHSA does not preempt state tort law causes of action for defective *condition*, but that "causes of action for defective *labeling* in strict liability, negligence, and for breach of the implied warranty of merchantability *may* be preempted, in as much as they seek recovery for labeling precautions beyond what is mandated by the FHSA" (emphasis in original). This court's order denying remand was based on the fact that most, if not all, of Plaintiffs' claims are premised on a "failure to warn" theory. Thus, Judge Wingate's decision does not conflict with this court's order. To the extent that some of these recent district court decisions do conflict with this court's order (and, more importantly, with the Fifth Circuit's controlling decision in *Comeaux*) the court respectfully disagrees with its colleagues.

interlocutory appeal to the Fifth Circuit. As Radiator itself notes, interlocutory appeals are disfavored, and motions for certification are granted only in "exceptional" cases. *U.S. v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985); *Castano v. Amer. Tobacco Co.*, 162 F.R.D. 112, 115 (E.D. La. 1995) (citation omitted). 28 U.S.C. § 1292(b) provides that district courts may permit an interlocutory appeal of an order where the court "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

The court does not find that there is a substantial ground for a difference of opinion on this issue. Where a controlling court of appeals has decided an issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal. *Walter v. Eastern Airlines*, 785 F.Supp. 1168 (S.D.N.Y. 1992); *Brown v. Mesirow Stein Real Estate, Inc.*, 7 F.Supp. 2d 1004 (N.D. Ill. 1998). As discussed above, the controlling law in this circuit is well settled. *See Comeaux v. Nat'l Tea Co.*, 81 F.3d 42, 43-44 (5th Cir.1996). There is, therefore, simply no basis for this court to certify this issue to the Fifth Circuit.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiffs' **MOTION TO RECONSIDER** should be and is hereby **DENIED**. IT IS FURTHER ORDERED AND ADJUDGED that Defendant's **MOTION TO CERTIFY** is hereby **DENIED**.

SO ORDERED and ADJUDGED on this, the 21st day of August, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE