**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**GORDON FOWLER and CAROLYN FOWLER**                        **PLAINTIFFS**

**vs.**                                                       **CIVIL ACTION NO. 2:05cv16-KS-MTP**

**FIRST CHEMICAL CORPORATION, ET AL.**                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a motion for summary judgment brought by defendants Aristech Chemical Corporation and United States Steel Corporation (responding on its behalf and on behalf of United States Steel LLC and USX Corporation-U.S.Steel Group), f/k/a United States Steel LLC, f/k/a USX Corporation-U.S. Steel Group (incorrectly named in plaintiffs' complaint as "USX Corporation").[1]  The court, having reviewed the motion and the response,

---

[1] In addition, the following defendants have joined the motion:  Amerada Hess Corporation, Individually and f/k/a Amerada Corporation and Amerada Petroleum Corporation; Ashland, Inc., Individually and f/k/a Ashland Oil Refining Company; Ashland Oil, Inc.; Chevron Chemical Company; Chevron U.S.A. Inc., Individually and as successor-in-interest to Gulf Oil Corporation and Warren Petroleum; Chalmette Refining, L.L.C.; Crown Central Petroleum Corporation; Exxon Corporation; ExxonMobil Corporation, Individually and f/k/a Mobile Oil Corporation, f/k/a Exxon Corporation, a/k/a Mobil Chemical Company, a division of ExxonMobil Oil Corporation; ExxonMobil Oil Corporation; Gulf Oil Corporation; Mobil Chemical Company; Occidental Chemical Corp.; Occidental Petroleum Corp.; Oxychem/Occidental Chemical Corp.; Shell Oil Company; Sunoco, Inc.; Sun Company, Inc.; Sun Oil Company, Inc.; Texaco, Inc., Individually and as successor-in-interest to Jefferson Chemical; Texaco Chemical Company; Texaco Refining & Marketing, Inc.; Union Oil Company of California a/k/a Unocal; American Oil Company n/k/a BP Products North America Inc.; Amoco Chemical Company n/k/a BP Amoco Chemical Company; Amoco Oil Company n/k/a BP Products North America Inc.; Amoco Corporation n/k/a BP Corporation North America, Inc.; BP Chemicals Inc. n/k/a BP Amoco Chemical Company; BP Chemicals America Inc. n/k/a BP Amoco Chemical Company; Union Pacific Resources Company n/k/a Anadarko E&P Company, LP; Atlantic Richfield Company; Crompton Corporation n/k/a Chemtura Corporation; Uniroyal Chemical Company, Inc. n/k/a Chemtura Corporation; Lyondell-Citgo Refining LP f/k/a Lyondell-Citgo Refining LLP and Lyondell-Citgo Refining Company Ltd.; Tronox LLC f/k/a

and being fully advised in the premises, finds that the motion is well taken and should be granted. The court specifically finds as follows:

Background Facts

On or about August 31, 2004, plaintiffs Gordon and Carolyn Fowler filed a complaint in the Circuit Court of Jones County, Mississippi, naming eighty-eight corporate defendants and 200 John Doe defendants. Plaintiffs filed an amended complaint (the "Amended Complaint") in this court on March 10, 2006.[2] In the Amended Complaint, Plaintiffs allege that Mr. Fowler was exposed to various chemicals and products from 1960 to 1993 that caused him to develop cancer, and they assert causes of action for strict liability, negligence and breach of warranty. It is undisputed that Mr. Fowler was diagnosed with lymphoma on December 28, 1990, as indicated on the "Report of Tissue Examination" attached to Plaintiffs' pre-discovery disclosure.

---

Kerr-McGee Chemical LLC; Pharmacia Corporation; Monsanto Company; Radiator Specialty Company; E.I. du Pont de Nemours and Company; Atofina Chemicals, Inc. n/k/a Arkema, Inc.; First Chemical Holdings, Inc. and ConocoPhillips Company f/k/a Phillips Petroleum Company and successor-by-merger to Conoco, Inc.; Flint Hills Resources, LP; Koch Industries, Inc.; CITGO Petroleum Corporation; CITGO Refining and Chemicals, Inc.; Total Petrochemicals USA, Inc. f/k/a Atofina Petrochemicals, Inc. f/k/a Fina Oil and Chemicals successor by merger to Fina, Inc. f/k/a American Petrofina, Inc.; Chemcentral Corporation; Univar USA Inc.; and Van Waters & Rogers Corporation. These defendants will be referred to collectively in this opinion as "Moving Defendants."

The following defendants did not join in the motion for summary judgment: First Chemical Corporation; BASF Corporation; BP Amoco Inc.; ConocoPhillips Company; Honeywell International, Inc., Individually and f/k/a Allied Chemical Corporation; Kerr-McGee Chemical Corporation, Individually and f/k/a The Baugh Chemical Company; Kerr-McGee Chemical Corporation; Marathon Petroleum Company; Solutia, Inc., f/k/a Monsanto; Total Fina Elf Services, Inc., Individually and f/k/a Cosden Oil & Chemical Company; Velsicol Chemical Corporation; Ridgid Tool, a subsidiary of Emerson; and, of course, John Doe Defendants 1-100 and John Doe Defendants 101-200.

[2] Plaintiffs erroneously called this amended complaint a "Second Amended Complaint," although this was the first amended complaint filed. For ease of reference, the court will refer to the amended complaint filed on March 10, 2006 as the "Amended Complaint."

Plaintiffs assert that they were not aware of the alleged cause of Mr. Fowler's lymphoma until he spoke with his attorney sometime in July of 2004, an assertion that Moving Defendants do not challenge.

Moving Defendants have moved for summary judgment on the ground that Plaintiffs' claims are time-barred. Plaintiffs have opposed the motion.[3]

Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is authorized where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Once the moving party has established the basis for its motion, the non-movant must "respond with specific proof demonstrating a triable issue of fact as to each of the elements required for establishment of the claim or claims asserted." *Shirley v. McCraney*, 241 F.Supp. 2d 677, 681 (S.D. Miss. 2001) (citation omitted). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in the light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

Statute of Limitations

The parties do not dispute that Plaintiffs' claims are governed by section 15-1-49 of the Mississippi Code Annotated, which provides a three-year statute of limitations for "actions not otherwise specifically provided for." They also do not dispute that Plaintiffs' claims are governed

---

[3] The Moving Defendants (with the exception of Van Waters & Rogers Corporation) have also moved to dismiss the Amended Complaint on different grounds. That motion is not addressed in this opinion and, with respect to all the Moving Defendants except Van Waters & Rogers Corporation, is rendered moot by the court's decision on this motion.

by subsection (2), the so-called "discovery rule," which provides:  "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."  What the parties do dispute, however, is the interpretation of the discovery rule and its applicability to Plaintiffs' claims.  Defendants argue that Plaintiffs' claims are time-barred, as they were filed more than thirteen years after Mr. Fowler was diagnosed with lymphoma.  Plaintiffs, on the other hand, argue that the relevant date for statute of limitations purposes is not when Mr. Fowler became aware of the existence of his illness but, rather, when he became aware of its possible cause (sometime in July 2004, after consulting an attorney).

In *Owens-Illinois, Inc. v. Edwards*, 573 So. 2d 704, 706 (Miss. 1990) (*en banc*), the Mississippi Supreme Court, construing § 15-1-49, held: "The cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease.  In the case at bar, that date is...the date [plaintiff] was diagnosed with asbestosis.  Through the cause of the injury and the causative relationship between the injury and the injurious act or product may also be ascertainable on this date, these factors are not applicable under § 15-1-49(2)...."  The Court affirmed that holding in  *Schiro v. American Tobacco Co.*, 611 So. 2d 962, 965 (Miss. 1992), holding that a cause of action based upon a latent disease occurs when the injured party is diagnosed with the disease - in that case, when the plaintiff was diagnosed with lung cancer.  *Accord Pollard v. Sherwin-Williams Co.*, 2005 WL 2141454, at * 4 (Miss. Ct. App. 2006) (statute of limitations ran from date of diagnosis of lead poisoning); *Cannon v. Mid-South X-Ray Co.*, 738 So. 2d 274, 276 (Miss. Ct. App. 1999) (noting that Mississippi Supreme Court has held "that the accrual date for a cause of action arose on the date the illnesses were diagnosed by a doctor") (*citing Schiro*, 611 So. 2d at 965; *Edwards*, 573 So. 2d

at 709).

This court recently addressed this statute of limitations issue in a benzene exposure case similar to the instant case, *Wells v. Radiator Specialty Co.*, 413 F.Supp. 2d 778 (S.D. Miss. 2006). In *Wells*, plaintiff's decedent had allegedly been exposed to benzene from 1968 until 1978, and was diagnosed with leukemia on November 3, 2000. Plaintiff filed her original complaint on October 22, 2004. Defendant moved for judgment on the pleadings on the ground that plaintiff's claims were time-barred, arguing that the statute of limitations ran from the date of diagnosis. Plaintiff argued precisely what the Plaintiffs are arguing in the instant case - that the statute of limitations should run not from diagnosis but from when the alleged cause of the disease was discovered (after decedent's death, when plaintiff was alerted to potential occupational hazards). *Id.* at 781. This court examined *Owens-Illinois* and *Schiro*, ultimately rejecting plaintiff's argument and concluding that "causative knowledge is not applicable" to the statute of limitations: "The Mississippi Legislature has established a three year window of opportunity for the discovery of any relationship between an injury and its cause by way of § 15-49-1. The Legislature has determined that three years is an adequate time to discover a relationship between an injury and its cause and that suit beyond that period should not be allowed. That is peculiarly a legislative function upon which courts should not intrude." *Id.* at 783. Therefore, this court dismissed the plaintiff's claims as time-barred.

In this case, there is no factual dispute as to when Mr. Fowler was diagnosed with lymphoma. The Mississippi Supreme Court has clearly held that a cause of action based on latent injuries accrues on the date of diagnosis. Therefore, plaintiffs' claims are time-barred and Moving Defendants are entitled to summary judgment on that basis.

IT IS THEREFORE ORDERED AND ADJUDGED that Moving Defendants' motion for summary judgment [# 205] is granted and Plaintiffs' Amended Complaint is dismissed with prejudice as to the Moving Defendants.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions by the Moving Defendants are dismissed as moot.[4]

SO ORDERED AND ADJUDGED, this the 30th day of August, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[4] As noted above, one of the Moving Defendants - Van Waters & Rogers Corporation - did not join in the motion to dismiss and therefore that motion is not dismissed as moot with respect to that defendant, nor is it dismissed with respect to the other defendants who moved to dismiss but did not join in this motion for summary judgment: ConocoPhillips Company, BASF Corporation and Velsicol Corporation.